

**FILED**
**FEBRUARY 19, 2010**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| VICENTE DOMINIQUE CHAVEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-043 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Petitioner VICENTE DOMINIQUE CHAVEZ has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his state conviction for the offense of intoxication manslaughter with a vehicle. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief is successive and should be DISMISSED.

### I.
### PROCEDURAL HISTORY

On April 19, 2005, a jury from the 47th District Court of Potter County, Texas, convicted petitioner of intoxication manslaughter with a vehicle in cause number 49,658-A. Petitioner received a sentence of life imprisonment. The judgment was affirmed on direct appeal in May 2006. Although petitioner represents he filed a petition for discretionary review, it appears that petition

was, in actuality, not timely filed, and the Texas Court of Criminal Appeals denied Chavez an extension of time in which to file it. *Chavez v. State*, No. 07-05-0174-CR, 2006 WL 1211033 (Tex. App.—Amarillo May 4, 2006, no pet.).

Petitioner submitted his state application for habeas corpus relief in August 2007. *In re Chavez*, WR-68,914-01. Relief was denied without written order. *Id.* In April 2008, petitioner applied to this Court for federal habeas corpus relief. *Chavez v. Quarterman*, No. 2:08-CV-083. His petition was dismissed as time barred in May 2009. *Id.* Although the form for a habeas corpus petition directs a petitioner to include all "petitions, applications or motions from this judgment in any court, state or federal," Chavez failed to list his previous federal habeas corpus petition and only listed his state habeas corpus applications. Review of the claims and exhibits attached to both the instant cause and cause number 2:08-CV-083, however, establish petitioner has appeared before this Court before challenging this, his sole conviction.

## II.
## PETITIONER'S ALLEGATIONS

In his petition, Chavez appears to contend he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. The trial court erred by failing to secure a unanimous guilty verdict.

2. Petitioner received ineffective assistance of counsel because his trial attorney failed to secure a mistrial based on the jury's failure to render a unanimous guilty verdict.

## III.
## PERMISSION TO FILE APPLICATION

By the instant habeas corpus application, petitioner challenges his conviction for the offense of intoxication manslaughter. Petitioner has challenged this conviction and resulting sentence in a previous federal habeas corpus application filed in this Court. *See Chavez v. Quarterman*, No. 2:08-

CV-083. On May 26, 2009, this Court dismissed petitioner's federal habeas corpus application.

Title 28 U.S.C. section 2244(b)(3)(A) provides that *before* a second or successive application permitted by section 2244(b)(2) is *filed* in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 2244(b)(3)(A) creates a "gatekeeping" mechanism at the appellate court for the consideration of second or successive applications in the district courts. *Felker v. Turpin*, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). It "transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court." *Id.*

Permission may be obtained only by filing, with the appropriate federal appellate court, a motion for authorization to file a successive habeas petition with the district court. *In re Epps*, 127 F.3d 364 (5th Cir. 1997) (detailing the procedure for obtaining authorization from the appellate court). The federal court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines the application makes a prima facie showing that the application satisfies the requirements set forth in 28 U.S.C. section 2244(b)(2).

The strictures of section 2244(b)(2) allow a district court to consider a claim presented in a second or successive habeas application[1] that was not presented in a prior application only if the claim (1) "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;" or (2) is based on a factual predicate that "could not have been discovered previously through the exercise of due diligence" and which, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

---

[1] Title 2244(b) does not define what constitutes a "second or successive habeas corpus application." Even so, the undersigned finds the instant application for habeas relief is a "second or successive habeas corpus application" within the meaning of section 2244(b) because it, like petitioner's prior habeas applications, challenges petitioner's custody pursuant to his conviction for the offense of intoxication manslaughter, judgment rendered on April 19, 2005 by a jury in cause number 49,658-A out of the 47th District Court of Potter County, Texas.

convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

Both of petitioner's points of error relate back to issues regarding his original trial and which he could have presented in his previous federal habeas corpus petition. Further, there is no new rule of constitutional law making his present claims any more viable than they would have been were they presented in petitioner's first federal habeas corpus petition. Therefore, were this Court able to review these claims, they would likely be dismissed. *See* 28 U.S.C. § 2244(b)(2).

Regardless, this Court is bound by the law of Title 28 U.S.C. section 2244(b)(3), and therefore cannot consider the instant application for habeas corpus relief without an order from the United States Court of Appeals for the Fifth Circuit authorizing it to do so. Petitioner has failed to demonstrate he has obtained such authorization to file the pending federal habeas corpus application. Because petitioner has failed to obtain the appropriate appellate court permission to file a successive federal habeas petition, this Court has no authority to consider his request for relief.

Consequently, it is the undersigned's opinion that this Court lacks subject matter jurisdiction to consider petitioner's application for a writ of habeas corpus and that petitioner's federal application for habeas corpus relief should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), (h)(3) of the Federal Rules of Civil Procedure, and 28 U.S.C. section 2244(b)(3)(A).

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner VICENTE DOMINIQUE CHAVEZ be DISMISSED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 19th day of February, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).