

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| VICENTE DOMINIQUE CHAVEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-043 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### SUPPLEMENT TO FEBRUARY 19, 2010 REPORT AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

On February 19, 2010, this Court issued a Report and Recommendation to dismiss petitioner's federal application for habeas corpus relief because the petition was successive. On March 2, 2010, petitioner filed objections to the Report and Recommendation. This Supplement to the Report and Recommendation will address petitioner's objections (i) that the instant petition is not successive and (ii) that he could not have presented in his prior petition the claims presented in the instant petition. Because this Court concludes, as it did in its February 19, 2010 Report and Recommendation, that this habeas corpus petition is successive, the undersigned finds no basis to change the previous recommendation that petitioner's federal application for habeas corpus relief be DISMISSED.

I.
PROCEDURAL BACKGROUND

On April 19, 2005, a jury convicted petitioner of intoxication manslaughter with a vehicle and sentenced him to life imprisonment. The judgment was affirmed on direct appeal in May 2006. Petitioner did not timely file a petition for discretionary review. *Chavez v. State*, No. 07-05-0174-CR, 2006 WL 1211033 (Tex. App.—Amarillo May 4, 2006, no pet.).

Petitioner submitted his state application for habeas corpus relief in August 2007, which was denied without written order. *In re Chavez*, WR-68,914-01. In April 2008, petitioner applied to this Court for federal habeas corpus relief, raising several arguments that his conviction was unconstitutional. *Chavez v. Quarterman*, No. 2:08-CV-083. His petition was dismissed as time barred. *Id.* Nine months later, petitioner filed the instant habeas corpus petition in which he again alleges his conviction was unconstitutionally obtained. Petitioner now raises two new grounds of error, both based on his contention that the jury verdict was not unanimous. The Court issued a Report and Recommendation on February 19, 2010 recommending the dismissal of the case because it was successive, and petitioner's objections followed.[1]

II.
PETITIONER'S APPLICATION IS SUCCESSIVE

Petitioner contends a petition is not successive if the merits of the first petition were never addressed. Under this reasoning, because the Court dismissed his first habeas corpus petition as time barred, his second petition is not successive. "Under § 2244(b), the first step of analysis is to determine whether a claim presented in a second or successive habeas corpus application was also presented in a prior application. If so, the claim must be dismissed." *Gonzalez v. Crosby*, 545 U.S.

---

[1] Petitioner correctly points out in his objections that the Court incorrectly stated petitioner failed to list his prior federal habeas corpus action in the instant petition.

524, 530, 125 S.Ct. 2641, 2647, 162 L.Ed.2d 480 (2005) (internal quotation omitted). A "claim" includes new allegations of constitutional error that were not previously raised in the first habeas corpus petition attacking the same conviction or allegations that newly discovered evidence supports a claim previously denied. *Id.* at 531; 125 S.Ct. at 2647. If a petitioner merely seeks to add a new ground for relief, his claim is successive and must be dismissed. *Id.* at 532, 125 S.Ct at 2648.

If, on the other hand, a petitioner filing a post-judgment motion asserts that a previous ruling which precluded a merits determination, i.e. one that disposed of the petition based on grounds of failure to exhaust, procedural default, or statute-of-limitations bar, was *itself* flawed, his claim is not successive. *Id.* In that instance, the petitioner is, in effect, not challenging the same conviction he challenged in his first habeas corpus petition but rather is challenging the way the federal court handled the disposition of the habeas corpus petition. *See id.*

In this case, petitioner never challenges the dismissal of his previous habeas corpus petition. The Report and Recommendation set forth the time line in petitioner's case and recommended dismissal of the petition as time barred. Judgment was based upon it. Petitioner fails to argue the Court incorrectly calculated the time line. He never contends the Court was incorrect in its application of 28 U.S.C. § 2244(d)(1) to his case. Petitioner never sought a Certificate of Appealability in his first habeas corpus case and did not otherwise challenge the District Court's Judgment dismissing the case. To the contrary, in the instant petition, Chavez merely seeks to add two new grounds of error supporting the claim that his underlying conviction is unconstitutional. Petitioner cannot do this without first obtaining leave from the Fifth Circuit. *See id.*; 28 U.S.C. § 2244(b)(3). Because petitioner never challenges the Court's previous ruling and now seeks only to add more substantive arguments to his attack of his conviction, his second habeas corpus petition

is successive. *See id.*; *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007).

### III.
### PETITIONER COULD HAVE PRESENTED HIS NEW CLAIMS EARLIER

In its February 19, 2010 Report and Recommendation, the Court noted that both of the grounds of error presented in the second habeas corpus petition related back to errors occurring during trial and could have been raised in the first habeas corpus petition. In his objections, petitioner states:

> Petitioner refutes the Magistrate's assertion that the two habeas claims presented in this instant habeas petition were available to Petitioner for presentation to this Court prior to or during pendency of Petitioner's previously filed federal habeas petition ("as is evident by the date of endorsement on the sworn affidavit(s) by juror member Morse [exhibit's 1 & 2].

(Petitioner's Written Objection to the Report and Recommendation of the Magistrate Judge, doc. #3, pg. 2).

Initially, as stated in the February 19, 2010 Report and Recommendation, even if this evidence of the affidavit from the juror were new, the instant petition is successive, and the District Court is prohibited from reviewing the merits of petitioner's new claims without an order for the Fifth Circuit authorizing it to do so. *See* 28 U.S.C. § 2244(b)(3). In any event, petitioner's claim that the "new" affidavits warrant federal review of his case on the merits is specious.

When petitioner filed his first habeas corpus petition, in April 2008, he attached the affidavit of a Julie Chapa, signed February 7, 2008. (Petition for Writ of Habeas Corpus, "Affidavit and Statement of Fact to be Used as Evidence," Cause # 2:08-CV-083, pg. 27). In this affidavit, Ms. Chapa states she was a jury member in petitioner's case. (*Id.*). She did not want to find petitioner guilty of intoxication manslaughter, but "was mentally and psychologically coerced by the jury foreman and other jury members" to do so. (*Id.*). Attached to petitioner's second habeas corpus

claim are *two more* affidavits from a Julie Chapa-Morse. The first one is signed May 11, 2009, and in it Ms. Chapa-Morse states she was a juror in petitioner's trial, she did not want to find petitioner guilty of intoxication manslaughter, but "was mentally and psychologically coerced under mental intimidation by the jury foreman and other juror persons to just remain silent." (Petition for Writ of Habeas Corpus, "Affidavit," Cause # 2:10-CV-043, pg. 11). The second affidavit attached to the most recent habeas corpus petition was also by Julie Chapa-Morse, signed September 24, 2009. In this affidavit, Ms. Chapa-Morse states she does not remember anyone (the judge, prosecuting attorney, or defense attorney) at trial asking her, individually, if it was her independent determination that petitioner was guilty.

While these new affidavits petitioner referenced in his objections might support petitioner's claim that the jury verdict was not unanimous, petitioner knew of these claims when he filed his first petition, as evidenced by the fact that he attached the February 7, 2008 affidavit (which says the same thing as the May 11, 2009 affidavit) to his first petition. The September 24, 2009 affidavit, while bringing forth new information regarding a former juror's recollection of something that may or may not have occurred at the trial, is of no consequence in light of the fact that petitioner was already aware of Ms. Chapa-Morse's general allegations.

Petitioner's representation to the Court that he could not have known of the "unanimous verdict" argument at the time of the first petition is baseless. Even if it had merit, however, the petition is successive. This Court cannot review any new claims based on new evidence challenging the conviction without authorization from the Fifth Circuit to do so. Accordingly, the petition should be dismissed as successive.

## IV.
## RECOMMENDATION

There is no contention advanced by petitioner in his March 2, 2010 objections warranting any change in the Recommendation of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner VICENTE DOMINIQUE CHAVEZ be DISMISSED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 5th day of March, 2010.

*/s/ Clinton E. Averitte*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).